## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LORI KUHN,** | **CIVIL ACTION NO.:** |
| *Plaintiff,* | |
| | **COMPLAINT** |
| **v.** | |
| | **JURY TRIAL DEMANDED** |
| **ALLEGIANT TRAVEL COMPANY,** **and ALLEGIANT AIR, LLC,** | |
| *Defendants.* | |

COMES NOW the Plaintiff, by and through her attorneys, Ainsman Levine, LLC, and Erin K. Rudert, Esquire, and allege as follows:

### INTRODUCTION

1.      On May 5, 2016, an Airbus A319, operated as Allegiant Air G4 Flight 7001 ("subject aircraft") was traveling from Punta Cana, Dominican Republic, to Pittsburgh, Pennsylvania ("subject flight").

2.      Flight 7001 was traveling near the Bahamas when it encountered severe turbulence.

3.      Defendants provided no warning to Plaintiff that severe turbulence would occur. When the subject flight entered the severe turbulence area, Plaintiff, Lori Kuhn, was thrown upward, causing her to violently strike her head against the overhead compartment. She suffered head, neck, and concussive brain injuries as a result.

### JURISDICTION AND VENUE

4.      This Court has original jurisdiction over Plaintiff's claims against Defendants pursuant to 28 U.S.C. § 1332 because the amount in controversy is met, and complete diversity of citizenship exists between the parties.

{AL522622.1}

5.      Venue is proper in the United States District Court for the Western District of Pennsylvania under 28 U.S.C. §1391(b) as the causes of action upon which the Complaint is based occurred on the subject flight while it was traveling from Punta Cana, Dominican Republic, to Pittsburgh, Pennsylvania.

6.      Additionally, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331(a) as Plaintiff's claims arise under the laws, regulations, and treaties of the United States, including, but not limited to, the Warsaw Convention, 49 Stat. 3000, et seq. (reprinted at 49 U.S.C. § 1502 note (1976)) and its modifications; 14 C.F.R. § 203 et seq.; the Montreal Convention of 1999 ("Montreal Convention"); the IATA Inter-Carrier Agreement on Passenger Liability ("ICA") and the Agreement on Measures to Implement the IATA Inter-Carrier Agreement ("MIA"); and/or related Tariffs.

## PARTIES

7.      Plaintiff, Lori Kuhn, was, at the time of the injury causing event, an adult citizen of the Commonwealth of Pennsylvania, and currently resides in Pennsylvania. Additionally, Plaintiff's ticket was purchased in Pennsylvania.

8.      At all times relevant hereto, Defendant, Allegiant Travel Company, was a Nevada corporation, organized and existing under the laws of the United States of America, with its principal place of business located at 1201 N. Town Center Drive, Las Vegas, Nevada 89144.

9.      At all times relevant hereto, Defendant, Allegiant Air, LLC, was a Nevada limited liability company, organized and existing under the laws of the United States of America, with its principal place of business located at 1201 N. Town Center Drive, Las Vegas, Nevada 89144.

10.      Upon information and belief, at all times relevant hereto, Defendant, Allegiant Air, LLC, was a wholly-owned subsidiary of Defendant, Allegiant Travel Company.

{AL522622.1}

11.    At all times relevant hereto, Defendants have carried out, and continue to carry out, substantial, continuous, and systematic activities in the Commonwealth of Pennsylvania, and have purposely established significant contacts within Pennsylvania.

12.    The injuries and damages alleged in this lawsuit arise out of, and are related to, Defendants' contacts and activities in the Commonwealth of Pennsylvania.

13.    At all times relevant hereto, Defendants were acting by and through their employees, servants, agents, representatives, and/or staff, all of whom were acting within the course and scope of their employment, for and on behalf of the Defendants.

## DEFENDANTS' DUTIES OF CARE AND PLAINTIFF'S FACTUAL AVERMENTS

14.    Defendants are a common carrier engaged in transportation services related to the commercial airline industry.

15.    Defendants owe a common carrier duty of care to its passengers.

16.    Defendants owe a general duty to provide its passengers with warnings of potential dangers, such as turbulence.

17.    Defendants owe a general duty to its passengers to detect turbulence using the on-board radar system and request a deviation.

18.    Defendants owned these duties to their passenger, Lori Kuhn.

19.    On or about May 5, 2016, Plaintiff, Lori Kuhn, was a passenger on board Allegiant Air G4 Flight 7001 that was owned, operated, maintained, and/or controlled by Defendants, Allegiant Travel Company and Allegiant Air, LLC.

20.    Upon information and belief, the subject flight departed from Punta Cana, Dominican Republic, at approximately 12:30 p.m. on May 5, 2016, with the intended destination of Pittsburgh, Pennsylvania, United States.

21.     On that date, at approximately 1:30 p.m., near the Bahamas, the subject flight encountered severe and extreme turbulence. The force of the turbulence unexpectedly threw Plaintiff up and out of her seat, causing her to strike her head against the cabin ceiling, and experience terror and feel severe pain.  Plaintiff suffered head, neck, and concussive brain injuries.

22.     On that date, at approximately 1:37 p.m., the subject flight was diverted to Fort Lauderdale–Hollywood International Airport (FLL), and landed there at approximately 2:43 p.m. Said flight was met at the gate by an emergency crew.

23.     Upon landing at FLL, Plaintiff, Lori Kuhn, was examined by emergency personnel and transported directly to a hospital for further treatment.

### INJURIES AND DAMAGES

24.     As a direct and proximate result of the negligence, acts, and omissions and other liability-producing conduct of Defendants, Plaintiff, Lori Kuhn, suffered serious injuries including, but not limited to orthopedic injuries, left shoulder strain, head injury, cognitive difficulties, traumatic brain injury, mental and emotional pain and suffering; the loss of life's pleasures, past, present and future; hospital, medical, and rehabilitation expenses, past, present, and future, including medical equipment, supplies, and other medical care and treatment; other psychological, psychiatric, and neurological injuries, the full extent of which is yet to be determined, and some or all of which may be permanent in nature.

        a.     As a direct and proximate result of the conduct of the Defendants, Plaintiff, Lori Kuhn, has required, and continues to require, and may in the future require, medical treatment and care, and has in the past, continues presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, testing, and rehabilitation in an attempt to alleviate and/or cure her condition.

        b.     As a direct and proximate result of the conduct of Defendants, Plaintiff, Lori Kuhn, has in the past, and continues to experience pain, suffering, loss of

independence, mental anguish, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on her ability to engage in normal activities and pleasures of life, and other tangible losses.

c. As a direct and proximate result of the conduct of Defendants, Plaintiff, Lori Kuhn, has been prevented and may be prevented in the future from performing her usual duties, activities, occupations, and avocations, and has suffered a loss of earnings and a loss of earning capacity.

25. Defendants are responsible for these damages.

## COUNT I
## MONTREAL CONVENTION
## PLAINTIFF v. DEFENDANTS

26. All preceding paragraphs are incorporated herein by reference.

27. Flight 7001 was operated by Defendants at the time of the turbulence event.

28. Defendants owed its passengers the highest duty to ensure their safety during their travels. This includes, but is not limited to, a duty to monitor the weather and forecast and notify the passengers of potential dangers.

29. Plaintiff and the other passengers on Flight 7001 trusted Defendants with their lives as they flew as passengers with no ability to control the flight plan and course of the flight or prevent the plane from encountering turbulence.

30. Defendants chose the route and had access to radar data.

31. At all times material hereto, Defendants were engaged in the international carriage of persons performed by aircraft for reward.

32. The accident which caused injury to the Plaintiff took place on board the aircraft while it was operating.

33.    The Plaintiff's injuries were caused by an unexpected or unusual event or happening that was external to the Plaintiff.

34.    The Plaintiff's injuries were not caused by the Plaintiff's own internal reaction to the usual, normal, and expected operation of the aircraft.

35.    As to both Defendants, this case is governed by the Montreal Convention.

36.    Through the actions and inactions described above, Defendants are responsible for the injuries of the Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendants for such damages as may be permitted pursuant to applicable law, including all compensatory damages, together with interest, costs, and attorneys' fees.

Respectfully submitted,
AINSMAN LEVINE, LLC

Date: February 2, 2018                    By: _/s/ Erin K. Rudert, Esquire_____
Erin K. Rudert, Esquire
310 Grant Street, Suite 1500
Pittsburgh, PA 15219
Tel: 412-338-9030
Fax: 412-338-9167
er@ainsmanlevine.com

{AL522622.1}